### NATHANIEL BEAL *vs.* WILLIAM BROWN.

One who has verbally guaranteed the debt of another at his request may pay the same and recover the amount so paid in an action against the original debtor; and the statute of frauds will be no defence to such action, although it would be a defence to an action brought on such guaranty. And if such guarantor has given his memorandum check for the amount of the debt, he may pay the same and recover the amount from the debtor, although the latter, after the giving of the check, forbade the payment of it by the guarantor.

CONTRACT upon an account annexed. The defendant, admitting the correctness of the plaintiff's account, claimed in set-off a larger sum for money paid for the plaintiff, on a verbal guaranty of a debt from the plaintiff to B. F. Poland.

At the trial in the superior court, before *Rockwell*, J., the defendant introduced evidence tending to show that the plaintiff desired to make a purchase of leather on credit from Poland, who would not sell the same to him without a guaranty of payment of the price ; and thereupon, at the special request of the plaintiff, the defendant verbally guaranteed such payment, and the leather was accordingly delivered to the plaintiff; and subsequently, the plaintiff having paid only a portion of the price of the leather when the same fell due, the defendant, upon Poland's demanding payment of the residue from him, gave his memorandum check for such residue to Poland, and before the same was paid the plaintiff forbade the payment of it by the defendant. The defendant, however, paid the same.

There was a conflict of evidence upon most of these matters.

The judge ruled that there was no sufficient evidence to warrant the jury in returning a verdict for the defendant for the claim in set-off, and directed them to return a verdict for the plaintiff, for the amount of his account; which was accordingly done. The defendant alleged exceptions.

*E. Ames*, for the defendant.

*P. Simmons*, for the plaintiff.

BIGELOW, C. J. There was direct and positive evidence that the defendant, at the plaintiff's request, entered into a verbal guaranty of a debt due from the plaintiff, in pursuance of which

the former subsequently paid the debt. This evidence, if believed, would have required the jury to find that the money charged in the account in set-off was paid at the special instance and request of the plaintiff, and that the item of money so paid was a valid set-off to the plaintiff's claim. Of the credibility of this evidence, it was the exclusive province of the jury to judge; and it was erroneous to withdraw it from their consideration.

The statute of frauds cannot avail the plaintiff, as an answer to the set-off. Although the verbal guaranty was within it, and might have been avoided if the defendant had seen fit to rely upon the statute when called on by the plaintiff's creditor for the payment of the debt, the defendant was not bound to set it up. He had a right to perform his parol undertaking. It was a contract made on a good consideration, which the statute does not declare void or illegal, but only provides that no action shall be maintained upon it against the guarantor. But this enactment is exclusively for the benefit of the guarantor, and is designed to protect him from the danger of being made liable for the debts of another by false testimony. He may elect to fulfil his verbal promise, and, if he does so and pays money in pursuance thereof, the principal debtor is liable for the amount as for money paid at his instance and request. The statute of frauds can have no operation as between the original debtor and his guarantor. *Cahill* v. *Bigelow,* 18 Pick. 369, 372. Nor can the plaintiff resist the defendant's claim in set-off on the ground that he forbade the payment of the debt by the defendant. Even if such prohibition could be allowed to have any effect, if seasonably made, the evidence shows that it was not made until the defendant had become absolutely bound by his written promise for the payment of the debt. *Exceptions sustained.*